# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**DEXTER GILLEYLEN, et al**                                    **PLAINTIFFS**

**VS.**                                              **CIVIL ACTION NO. 1:06cv215**

**MAREMONT CORPORATION, et al**                                 **DEFENDANTS**

## ORDER

This cause comes before the court on the motion of plaintiffs Dexter Gilleylen, et al. pursuant to 28 U.S.C. § 1447, to remand **[10-1]** this case to the Circuit Court of Monroe County. Defendants have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, along with other pertinent authorities, concludes that the motion is well taken and should be granted.

This is an asbestos case filed by the heirs of Herbert Gilleylen, whom, plaintiffs allege, was injured by asbestos-containing products manufactured and/or sold by defendants. Plaintiffs originally filed this action in the Circuit Court of Monroe County, and the case was removed to this court on July 26, 2006. In asserting that diversity jurisdiction exists in this case, defendants argue that no reasonable possibility of recovery exists against the non-diverse defendant Mississippi Rubber and that, as such, this defendant should be dismissed from this action upon a finding of fraudulent/improper joinder. The removing party, which is urging jurisdiction on the court, bears the burden of demonstrating that jurisdiction is proper due to fraudulent/improper joinder. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). The Fifth Circuit has stated:

1

> The burden of persuasion placed upon those who cry "fraudulent joinder" is indeed a heavy one. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). The Fifth Circuit has reaffirmed that it "is insufficient that there be a mere theoretical possibility" of recovery; to the contrary, there must "at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)(citing *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 286 (5th Cir. 2000)).

In arguing that Mississippi Rubber was fraudulently joined in this case, defendants' task is made considerably more difficult by the Fifth Circuit's decisions in *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004) and *McKee v. Kansas City Southern Ry. Co.*, 358 F.3d 329, 336 n.2 (5th Cir. 2004). A majority of the *en banc* Fifth Circuit in *Smallwood* observed that:

> Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. ... Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity.

*Smallwood,* 385 F.3d at 573. The Fifth Circuit in *McKee* similarly emphasized that the fraudulent joinder standard is more akin to a 12(b)(6) standard than the quasi-summary judgment standard which had previously been applied by many district judges in this circuit. It is accordingly plain, in light of *McKee* and *Smallwood,* that the improper/fraudulent joinder standard is far more deferential to a plaintiff's allegations than had commonly been assumed.

2

Considered in the context of this permissive standard, the court concludes that defendants have failed to demonstrate that no reasonable possibility of recovery exists against the non-diverse defendant Mississippi Rubber in this case. With regard to this defendant, plaintiffs allege in their complaint as follows:

> Mississippi Rubber is an industrial supply company which sold/distributed asbestos materials, including, but not limited to, asbestos gasket materials, to which decedent was exposed while working as a laborer for Williams Standard Service Station in Aberdeen, Mississippi and Walker Manufacturing in Aberdeen, Mississippi.

Later in their complaint, plaintiffs describe the specific damages incurred by the decedent as a result of this exposure, including asbestosis and reduced pulmonary capacity. In the court's view, the aforementioned allegations are sufficient to establish a reasonable possibility of recovery against Mississippi Rubber under the *Smallwood* standard. Defendants argue that plaintiffs have failed to present proof in support of their claims against Mississippi Rubber, but, to reiterate, the fraudulent joinder standard is more akin to a 12(b)(6) standard, and the Fifth Circuit in *Smallwood* even indicated that remand-related discovery would ordinarily be inappropriate in the fraudulent joinder context. *Id.* It is true that Mississippi has enacted an "innocent seller" statute, *see* Miss. Code Ann. § 11-1-63(h), but plaintiffs note that the statute leaves open the possibility of liability on the part of sellers who have actual or constructive knowledge of defects in the product which they sell. *Id.* Plaintiffs allege that Mississippi Rubber knew that its products contained asbestos and that the danger of such asbestos products was well known, and this court must accept these allegations as true at this stage of these proceedings.

Defendants also note that the Mississippi Supreme Court has established heightened pleading requirements in asbestos cases, and they argue that the complaint in this case fails to meet these strict

requirements. In the court's view, the allegations in the complaint quoted above are fairly specific with regard to the circumstances in which the plaintiff's decedent was allegedly exposed to asbestos products sold by Mississippi Rubber as well as the damages suffered as a result. Regardless, the Mississippi Supreme Court has been reluctant to endorse even dismissals *without* prejudice as a remedy for pleading defects in asbestos cases, preferring instead to permit plaintiffs to amend their complaint to make more specific allegations. *3M Co. v. Glass,* 917 So.2d 90, 94 (Miss. 2005). The Supreme Court has apparently not even considered granting dismissals *with* prejudice as a remedy for such pleading defects, and a dismissal with prejudice is precisely the remedy which this court grants in cases where fraudulent joinder is established. While the court certainly does not rule out the possibility that plaintiffs will be unable to prove their claims against Mississippi Rubber, it can also not rule out the possibility that plaintiffs would, in fact, be able to present proof in support of their allegations against this defendant. The court concludes that defendants have failed to demonstrate that no reasonable possibility of recovery exists against Mississippi Rubber, and diversity of citizenship is accordingly lacking in this case.

It is therefore ordered that plaintiffs' motion to remand [10-1] is granted, and this case is remanded to the Circuit Court of Monroe County.

SO ORDERED, this 17th day of November, 2006.

                                       **/s/ Michael P. Mills**
                                       **UNITED STATES DISTRICT JUDGE**